UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH R. NOVO, | No. 2:13-cv-00521-MCE-AC |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF SACRAMENTO, ANGELIQUE ASHBY, | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion to Modify the Pretrial Scheduling Order ("PTSO") in this matter. For the reasons outlined below, Plaintiff's Motion is DENIED.

The PTSO was originally issued by Senior Judge Lawrence K. Karlton on July 11, 2013, and required that all law and motion matters be heard by September 8, 2014. ECF No. 18. Consistent with the PTSO, Defendants filed a motion for summary judgment to be heard on August 25, 2014, in advance of the hearing deadline. After that motion was filed on or about July 28, 2014, Plaintiff's counsel, Robert Koehler, Jr., sought to continue the hearing on grounds that he was involved in preparing for a trial in September of 2014 and consequently needed additional time. The Court granted that request and Defendants' Motion was continued to October 14, 2014. In the meantime,

1  on August 27, 2014, the case was reassigned to the undersigned given Judge Karlton's
2  retirement.  The hearing date on Defendants' Motion was continued to October 30, 2014,
3  to accommodate this Court's schedule.
4        Plaintiff failed to file any opposition to Defendants' motion, and on October 21,
5  2014, this Court issued an Order to Show Cause as to why the case should not be
6  dismissed.  Ultimately, the Court permitted Plaintiff to file an opposition, which Plaintiff
7  submitted on November 18, 2014.[1]  Thereafter, on December 5, 2014, Plaintiff filed her
8  own summary adjudication request.  Plaintiff's motion was stricken without prejudice on
9  December 23, 2014, because it was scheduled for hearing more than four months after
10 the September 8, 2014, hearing had passed.  Plaintiff then waited nearly seven months,
11 until July 15, 2015, before filing the Motion to Amend Pretrial Scheduling Order now
12 before the Court.  Plaintiff seeks to amend the PTSO to permit the filing of her own
13 summary judgment request, despite the fact the deadline for hearing any such motion
14 passed on September 8, 2014.  Plaintiff's counsel argues that he should be excused
15 from meeting that deadline on grounds that he was medically disabled between
16 August 13, 2014, and November 1, 2014, and consequently could not have filed his
17 motion within that period.  Plaintiff's counsel further argues that because his own expert,
18 Dr. Thrasher, had not yet been deposed, that also constitutes grounds for amending the
19 PTSO to permit Plaintiff's motion.
20       Once a district court has filed a pretrial scheduling order pursuant to Federal Rule
21 of Civil Procedure 16,[2] that Rule's standards control.  <u>Johnson v. Mammoth Recreations</u>,
22 Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Prior to the final pretrial conference in this
23 matter, which is scheduled for December 17, 2015, the Court can modify its scheduling
24 order upon a showing of "good cause."  <u>See</u> Fed. R. Civ. P. 16(b).
25 ///

---

[1] The Court mistakenly issued a Minute Order on November 20, 2014 (ECF No. 50) referring to Plaintiff's Opposition as a Motion for Summary Judgment.  That Minute Order is hereby stricken as erroneous.
[2] Unless otherwise stated, all references to "Rule" or "Rules in this Order refer to the Federal Rules of Civil Procedure.

"Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609.  In explaining this standard, the Ninth Circuit has stated that:

> A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications.  If that party was not diligent, the inquiry should end.

Id. (citations omitted).

Here, Plaintiff's primary argument is that counsel failed to timely file a motion because of a medical disability, and that his efforts cannot be considered less than diligent in light of that barrier.  The fundamental problem with that contention, however, is that under the operative PTSO, Plaintiff had to have any motion heard by September 8, 2014, which means that the motion had to be filed under the local rules twenty-eight days beforehand, or by August 11, 2014 (plus additional time for service).  Under any calculation, that means that Plaintiff had to file her motion before the time that counsel's claimed disability commenced.  Consequently, counsel's period of disability cannot provide good cause for not adhering to the original hearing deadline.[3]

Counsel's subsequent conduct does nothing to help his argument.  He waited nearly seven months after his motion was denied as untimely before seeking leave to amend the PTSO to permit the motion.  The only reason proffered for that delay is the fact that Plaintiff's own expert, Dr. Thrasher, had not yet been deposed.  As Defendants point out, however, that fact did not preclude Plaintiff's counsel from obtaining a

---

[3] The Court recognizes that counsel's disability may have constituted good cause for failing to file a timely opposition before the October 30, 2014, initial hearing date on Defendants' motion for summary judgment (since that was during the period when counsel was medically disabled), but that is not the salient issue now before the Court.

declaration from Dr. Thrasher to support any motion he wanted to bring. While Plaintiff argues that the defense would have argued it needed Dr. Thrasher's deposition before being in a position to adequately respond to the motion, this does not excuse Plaintiff's own failure to act in a timely manner.

For all these reasons, the Court finds that Plaintiffs' counsel's conduct in this regard was not diligent under the circumstances and consequently does not provide the requisite "good cause" to amend the PTSO in this case. Plaintiffs' Motion to Modify the Pretrial Scheduling Order (ECF No. 61) is therefore DENIED.[4]

IT IS SO ORDERED.

Dated: December 7, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

4