UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH NOVO,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SACRAMENTO,<br>ANGELIQUE ASHBY,<br><br>    Defendants. | No. 2:13-cv-00521-MCE-AC<br><br>**ORDER** |

On November 4, 2016, after finding that Plaintiff had waived her right to participate in a Joint Statement of Disputed and Undisputed Facts ("Joint Statement") because her counsel failed to comply with several deadlines for doing so, the Court issued its Amended Final Pretrial Order (ECF No. 115).  That Order adopted the unilateral statement submitted by the defense without input from Plaintiff's counsel, Robert Koehler.  On November 14, 2016, Mr. Koehler filed a Motion to Vacate the Amended Final Pretrial Order under Federal Rule of Civil Procedure 60(b)(1), which is now before the Court for adjudication.  In that Motion, Koehler contends that illness on his part prevented him from complying with the deadlines in question.   Koehler argues that these health concerns entitle Plaintiff to relief, on grounds of excusable neglect, from the Court's ruling foreclosing her participation in the Joint Statement.

According to Plaintiff, barring her from providing input into the facts and issues to be tried "eviscerates [her] causes of action and claims against the defendants" and "amounts to a 'terminating sanction.'" Mot., ECF No. 116-1, 2:3-6.  As the Court set forth in its Amended Final Pretrial Order, however, Plaintiff's failure to submit her portion of the Joint Statement until after one continuance had expired, and until after a second pending request for additional request had also passed, constituted a waiver of her right to participate.

Plaintiff correctly cites Rule 60(b) for the proposition that the Court may nonetheless vacate its Amended Final Pretrial Order upon a showing of good cause provided that her own culpable conduct, if any, is taken into account along with any resulting prejudice to the nonmoving party, here Defendants.  See, e.g., Falk v. Allen, 739 F.2d 461 463 (9th Cir. 1984).  Through the instant Motion, Plaintiff's counsel has presented additional details about how his health prevented him from complying with the Court's directives.  Mr. Koehler suffers from Wegener's Disease, a chronic, unpredictable inflammation of blood vessels that, in turn, slows blood flow to crucial organs.  Although Mr. Koehler previously disclosed that he suffered a relapse of that disease in August of 2016 which necessitated therapeutic infusion therapy, in support of his present Motion Plaintiff has now attached a statement from his primary care physician, David H. Lehman, M.D., which attests that due to his condition Koehler was "unable to meet his duties as an attorney from mid-August until mid-October 2016." November 14, 2016 Letter from Dr. Lehman, Ex. 9 to Decl. of Robert Koehler, ECF No. 116-2.  This certifies Mr. Koehler as unable to work during the entire period at issue, from the time his portion of the Joint Statement was initially due on September 15, 2016, to the time it was belatedly submitted on October 17, 2016.

The Court is concerned about both Mr. Koehler's pattern of selectively being unable to attend to his various duties as counsel and whether he is really willing and able to prosecute this case.  Dr. Lehman's letter nonetheless constitutes good cause as to why counsel failed to timely participate in the preparation of the Joint Statement

during the period in question. Moreover, the health conditions that apparently prevented him from doing so were hardly the fault of his client and there consequently is no showing that Plaintiff bore any culpability for the resulting delay. Finally, since witness and exhibit lists have already been finalized, and since in limine motions have already been adjudicated, permitting Plaintiff to participate in the Joint Statement now should not prejudice Defendants since the March 27, 2017, jury trial in this matter is more than two months away.

Given the foregoing, Plaintiff's Motion (ECF No. 116) is GRANTED only insofar as Plaintiff will be allowed to now participate in the preparation of a Joint Statement of Disputed and Undisputed Facts and Issues that, if timely filed, will supersede the unilateral statement previously submitted by the defense (ECF No. 105). The parties are directed to meet and confer as to the preparation of a Joint Statement and to submit said statement to the Court not later than February 8, 2017. No further extensions of time will be granted. If no Joint Statement is filed by February 8, 2017, the currently operative Amended Pretrial Order will remain in effect and will govern at trial. If a Joint Statement is timely filed, however, the Court will issue a Second Amended Final Pretrial Statement incorporating the parties' new submission. Aside from the resulting changes to the Undisputed Facts, Disputed Factual Issues, and Disputed Evidentiary Issues portions of the Amended Final Pretrial Order, all other provisions contained within said Order and its attachments shall remain in full force and effect.

IT IS SO ORDERED.

Dated: January 25, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE